**Alexander METZ, Plaintiff-Appellant,**

v.

**Kevin SASSER, in his official capacities as Chief, Destin Fire Control District, Defendant-Appellee.**

No. 15-14709
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Date Filed: 11/30/2016

Marie A. Mattox, Marie A. Mattox, PA, Tallahassee, FL, for Plaintiff-Appellant

Mark Leonard Bonfanti, Allen Norton & Blue, PA, Tallahassee, FL, Robert Louis Norton, Allen Norton & Blue, PA, Coral Gables, FL, Matthew David Stefany, Allen Norton & Blue, PA, Tampa, FL, for Defendant-Appellee

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Alexander Metz, a former employee of the Destin Fire Control District, appeals the summary judgment against his complaint of retaliation in violation of his rights under the First and Fourteenth Amendments. 42 U.S.C. § 1983. Metz complained that the District Chief, Kevin Sasser, fired him based on his mother's protected speech. The district court ruled that Metz failed to establish a *prima facie* case of retaliation and, in the alternative, that Sasser provided legitimate, nonretaliatory reasons for Metz's termination that Metz failed to rebut as pretextual. We affirm.

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmoving party. *Starling v. Bd. of Cty. Comm'rs*, 602 F.3d 1257, 1260 (11th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We can affirm on any ground supported by the record. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th·Cir. 2007).

To establish a *prima facie* case of retaliatory termination for exercising a right protected under the First Amendment, an employee must prove that he engaged in a protected activity that played a substantial role in the adverse employment action. *See Starling*, 602 F.3d at 1260 & n.1 (intimate association); *Boyce v. Andrew*, 510 F.3d 1333, 1342–43 & n.12 (11th Cir. 2007) (freedom of speech). The employee can rely on evidence that his termination was the "intended means" of retaliating for another employee's protected conduct. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178, 131 S.Ct. 863, 178 L.Ed.2d 694 (2011). We consider circumstantial evidence in determining whether a protected activity is a substantial or motivating factor in the employer's conduct, including who initiated the termination proceedings; whether the employer's remarks connect the termination to the protected activity; whether the employer had a motive to retaliate; whether the termination followed on the heels of the protected activity; whether the employer provided varied explanations for the termination; and whether the employee established the reasons proffered for termination were pretextual. *See Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1291 & n.20 (11th Cir. 2000).

Metz failed to offer any evidence that he was fired based on any retaliatory animus. The record establishes that Sasser fired Metz because he was arrested for driving while intoxicated on February 1, 2010, he failed to appear for work under the false pretense that he was sick, and he embarrassed the District when a local newspaper published damaging details about his arrest. After the District provided him a written notice of termination, Metz responded by cursing at Sasser and Joe D'Agostino.

Metz presented no evidence that his firing was related to constitutionally protected activity by his mother. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 417–23, 131 S.Ct. 1186, 179 L.Ed.2d 144 (2011). Metz's mother, who also worked for the District, denounced local officials, Sasser, and D'Agostino for violating the Florida open meetings law, after which Sasser appointed Metz to a full-time position with the

District. Following Metz's arrest three months later, D'Agostino called Metz a "milkman" and commented that he did not work for his paycheck. Those remarks reflected D'Agostino's opinion that Metz had a poor work ethic and did not concern his mother's protected speech. And D'Agostino's remarks did not contribute to Metz's termination. *See id.* at 418–19, 131 S.Ct. 1186. Metz testified that he was terminated by Sasser, and Sasser stated that he fired Metz because he had been arrested and had disparaged his superior officers.

Metz also failed to present any circumstantial evidence that he was terminated because of his mother's protected speech. The accusations that Metz's mother made on September 21, 2009, were too remote to D'Agostino's comments in February 2010, or to Metz's termination on March 5, 2010, to establish causation based on temporal proximity. *See Thomas,* 506 F.3d at 1364. Metz's mother declared that she "engaged in protected conduct on several occasions" and "made ongoing complaints" about officials' misconduct, but she never stated that she engaged in protected speech after Metz's appointment to the full-time position in October 2009. Sasser never mentioned the accusations to Metz, nor did Sasser's explanation for Metz's termination ever vary. Despite Metz's failure to disclose his offense immediately to his superiors and his misuse of sick leave, Sasser consulted with legal counsel before disciplining Metz. And, even then, Sasser's decision was not final. As stated in the written notice of termination, the District "inten[ded] to terminate" Metz, but he could appear before Sasser the next morning "to explain why [he] should not be terminated." Metz's termination became final only after he cursed at Sasser and D'Agostino.

Sasser had legitimate reasons to fire Metz that were wholly unrelated to his mother's protected speech. Metz's offense eroded the ability of the District to ensure it "maintain[ed] public confidence . . . [that it could] carry out its public safety mission," and his disparagement of his superior officers put in peril their ability to "secure discipline, mutual respect, trust and particular efficiency among the ranks." *See Anderson v. Burke Cty., Ga.,* 239 F.3d 1216, 1222 (11th Cir. 2001) (internal quotations and citations omitted).

Metz also failed to prove that other District employees had been treated more favorably than him. The four employees Metz identified were not similarly situated to him. *See Knight v. Baptist Hosp. of Miami, Inc.,* 330 F.3d 1313, 1316 (11th Cir. 2003). Unlike the other employees, Metz was serving a six-month probationary period when he committed his offense, and he was the only employee who was insubordinate to his superior officers. Three employees were cited for driving while intoxicated, but their offenses were not reported to the public. And of those three employees, two were cited while working for Sasser's predecessor, and Sasser fired the third employee on learning of his misconduct. *See Jones v. Gerwens,* 874 F.2d 1534, 1541 (11th Cir. 1989) ("[D]isciplinary measures undertaken by different supervisors may not be comparable."). A fourth employee, whose theft of a pelican was reported in the newspaper, did not embarrass the District by being identified as a District employee. *See Burke–Fowler v. Orange Cty., Fla.,* 447 F.3d 1319, 1323 (11th Cir. 2006) ("[T]he quantity and quality of [a] comparator's misconduct [must] be nearly identical" to evidence discriminatory discipline.).

The district court did not err by entering summary judgment against Metz's complaint. Metz failed to establish a prima facie case of retaliation based on the First and Fourteenth Amendments. Metz pre-

sented no evidence that connected his termination to his mother's protected speech.

We **AFFIRM** the summary judgment in favor of Sasser.